UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERESA L. JOHN,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security

Defendant.

No. 2:17-cv-867-EFB

MEMORANDUM AND ORDER

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") pursuant to Title II, and for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 14 & 15. For the reasons discussed below, plaintiff's motion for summary judgment is granted and the Commissioner's motion is denied.

BACKGROUND

Plaintiff filed for DIB on October 7, 2014 and SSI on October 9, 2014, alleging that she has been disabled since May 31, 2009. Administrative Record ("AR") at 144, 223-229. Plaintiff's applications were denied initially and upon reconsideration. *Id.* at 145-148, 150-161. A hearing was held before administrative law judge ("ALJ") Sara A. Gillis. *Id.* at 47-84.

On December 8, 2016, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[1] *Id*. at 21-40. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2. The claimant has not engaged in substantial gainful activity since March 31, 2009, the alleged onset date (20 CFR 404.1571 *et seq*. and 416.971 *et seq*.).

/////

/////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

3. The claimant has the following severe impairments: right and left carpal tunnel syndrome status post release surgeries; degenerative disc disease lumbar spine; degenerative changes of the scaphoid bone of right wrist; right and left shoulder impingement; depressive disorder; bipolar disorder; anxiety disorder; attention deficit disorder (ADD) (20 CFR 404.1520(c) and 416.920(c)).

* * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

* * *

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) in that she can lift and carry twenty pounds occasionally and ten pounds frequently, sit for six hours of an eight hour day, and stand and walk for six hours of an eight hour day. She can only occasionally climb ladders, ropes and scaffolds and crawl; she can frequently climb ramps/stairs, balance, stoop, kneel, and crouch. She can occasionally overhead reach with both arms; she can frequently reach, handle, finger and feel with both hands/wrists/arms; and she can sustain concentration to perform unskilled tasks i.e. simple job instructions, with occasional public contact.

* * *

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

* * *

7. The claimant was born [in] 1964 and was 44 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

* * *

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 31, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

*Id.* at 23-40.

Plaintiff's request for Appeals Council review was denied on February 24, 2017, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-3.

## LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## ANALYSIS

Plaintiff argues that the ALJ erred in: (1) failing to give great weight to plaintiff's treating physicians – Dr. Malek (who treated her mental health impairments) and Dr. Jackson (who treated her carpal tunnel); (2) failing to give great weight to examining physician – Dr. Schmidt; (3) according great weight to non-examining agency physicians; (4) failing to give great weight to

4

two non-physician providers who treated plaintiff for back, shoulder, and neck issues; (5) failing to find that plaintiff met listing 12.03, 12.04, and 12.06; and (6) discrediting plaintiff's statements about the severity of her impairments. The court concludes that the ALJ failed to offer specific and legitimate reasons for discounting the opinion of Dr. Malek. This was reversible error and, consequently, the court finds it unnecessary to reach plaintiff's other arguments.

In her opinion, the ALJ made reference to both Dr. Malek's treatment notes and his assessment of plaintiff's ability to work. She found that:

> Mental status examination findings of treating source physician of Dr. Malek generally showed the claimant presenting within normal limits. Orientation, judgment, insight, and memory were within normal. Hygiene/dress was appropriate, speech was of appropriate quantity, quality and organization of sentences but sometimes noted as with little rapid speed. She was cooperative, with attention, concentration, and thought content within normal limits (citations omitted). Occasionally and usually at times of life stressors, she was noted in moderate-marked distress, tearful, depressed, or anxious. Sometimes she appeared unkempt. Sometimes she had pressured or rapid speech (sad/anxious, upset regarding 25 year old son mental health needs); (living at shelter, cannot live with mother due to conflicts wither her mother's boyfriend); (boyfriend in jail on domestic violence); (just testified against abusive ex-husband in prison for 17 years); (unkempt); (boyfriend in jail); (homeless, son very ill); (fear regarding mentally ill son and ex-husband in prison)
>
> . . .
>
> Treating source psychiatrist Dr. R. Malek opined in January 2015 on a Placer County Health and Human Services Department form that the claimant incapable of gainful employment due to severe mood swings, depression and anxiety. He stated she was incapable of working due to bipolar disorder, being depressed with general anxiety disorder. He indicated the probable duration of the incapacity was six months. He renewed this opinion for another six months in June 2015, September 2015 and January 2016. Little weight is accorded these opinions which essentially are finding the claimant disabled. By regulation, opinions that the claimant is "disabled" or "unable to work" are not entitled to any special significance, even when offered by a treating physician. The determination of disability is an issue reserved to the Commissioner, which it is the Commissioner's statutory responsibility to perform.

AR at 33-38 (internal citations omitted).

Here, the opinion of Dr. Malek as to the limitations caused by plaintiff's mental health issues was contradicted by non-examining physician Heather Barrons. *Id.* at 139. Thus, to reject his opinion, the ALJ was required to provide specific and legitimate reasons that were based on

5

substantial evidence in the record. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). As noted above, the ALJ reasoned that Malek's opinions should be rejected solely because they amounted to findings that plaintiff was disabled – a finding reserved to the Commissioner. This fact alone, however, was insufficient to justify the rejection. In *Matthews v. Shalala*, the Ninth Circuit stated that "the administrative law judge is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability, but he cannot reject them without presenting clear and convincing reasons for doing so." 10 F.3d 678, 680 (9th Cir. 1993); *see also Rodriguez v. Bowen*, 876 F.2d 759, 762 n.7 (9th Cir. 1989) ("We do not draw a distinction between a medical opinion as to a physical condition and a medical opinion on the ultimate issue of disability.").

The court recognizes that, in the earlier portions of her opinion, the ALJ noted that Dr. Malek's treatment findings indicated that plaintiff was generally "presenting within normal limits." AR at 33. She also conceded, however, that "occasionally and usually at times of life stressors, she was noted in moderate-marked distress . . ." *Id.* The ALJ went on to cite various life events which caused plaintiff to present in distress, namely her son's mental illness, her homelessness, and her interactions with men who had been accused and/or convicted of domestic abuse. *Id.* The court is troubled by the ALJ's intimation that these stressors are "occasional." The record indicates that, on February 8, 2016, plaintiff told her provider that her twenty-one year old son – who is bipolar, schizophrenic, and using methadone – had recently moved from living under a bridge to a local homeless shelter. *Id.* at 962. Plaintiff had vocalized her concerns about her son's mental illness as far back as 2013 and there is no indication that her son's mental health was improving. *Id.* at 652. Similarly, the mental pain caused by plaintiff's interactions with abusive/violent men was also consistently and repeatedly relayed to her providers. *See*, *e.g.*, *id.* at 1003, 1007, and 1014. In any event, even if the court concluded that Dr. Malek's conclusions as to plaintiff's disability were inconsistent with his treatment notes, it could not affirm the ALJ's decision on that basis insofar as she did not rely on that ground. *See Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

The foregoing error was not harmless. The Ninth Circuit has stated that "a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006)). The court cannot so conclude in this case. It notes that both physicians that actually examined plaintiff with respect to her mental health – Drs. Malek and Schmidt – opined that her mental illnesses severely and adversely impacted her ability to work. AR at 760, 991-96. Thus, remand is appropriate. *See McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011) ("[W]here the circumstances of the case show a substantial likelihood of prejudice, remand is appropriate so that the agency 'can decide whether re-consideration is necessary.'") (citing *Shinseki v. Sanders*, 556 U.S. 396, 412-413 (2009)). And the court elects to remand for further administrative proceedings rather than benefits. It notes that, although the ALJ failed to provide legally sufficient reasons for discounting Dr. Malek's opinion in this instance, that failure does not automatically compel a finding that she is *unable* do so.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) is GRANTED;
2. The Commissioner's cross-motion for summary judgment (ECF No. 15) is DENIED;
3. This matter is REMANDED for further administrative proceedings; and
4. The Clerk is directed to enter judgment in the plaintiff's favor and close the case.

DATED: September 12, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE